**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

and

**Karen Lynn Benson; P.J. Brix, LLC, Claimants—Appellants,**

v.

**CAPITAL CONSULTANTS LLC; Jeffrey L Grayson; Barclay L Grayson, Defendants,**

**Thomas F. Lennon, Receiver—Appellee.**

Securities and Exchange Commission; Carolyn L. Arntson; Arntson Family Holdings, LLC; Mary Arntson; Jerry L. Baker; Mary Beth Baker; Karen Lynn Benson; Roderick A. Livesay; Brix Dearmond LLC; John R. Chaney; J. David Coughlin and Jennifer Lee Coughlin Trust; J. David Couglin, Marlene Dutcher; Robert Dutcher; Davol Family Trusts A and B Ann Hazen Francis; Fremont Land Company LLC; Funeral Associates LLC;

706

Jay A Hinz; Holtz Joint Trust; Kenneth E. Holtz; Rosella G. Holtz; Paula J. King; Shelley King; Laborers Internation Union of North America, Local 296; Elizabeth McNally; James Murphy; Patricia J. Murphy; Wayne Musgrove; Estate of Bennie Kay Musgrove; Betty Norrie; Intertribal Timber Council; P.J. Brix, LLC; Kenneth R. Poorman; Poorman Family LLC; Quality Electric Money Purchase Plan; Scott Thomason; Donald E. Tykeson Trust; Donald E. Tykeson; Donald E, Tykeson Foundation; Boyd Van Ness; Wand's Funeral Home Defined Benefit Pension Plan; Robert J. Wilhelm Trust; Allen and Esther Wilson Revocable Trust; Leslie R. Wolf; Martin Wolf; Deborah Wolf; Nancy M. Gabriel; Joseph Gabriel; Robert B. Gutterman Trust; S.M. Gutterman, MA, JD, Profit–Sharing Plan; G.S. Gutterman, MD; S.M. Gutterman; G.S Gutterman; IBEW Local Union 1245; Noel B. Flynn; Jeld–Wen Foundation; Quality Electric, Inc.; AFTCS–Preferred Endowment Care–California; American Funeral & Cemetary Trust Services Preferred Endowment Care—Oregon/Washington, Plaintiffs,

Eighth District Electrical Pension Fund; Eighth District Electrical Benefit Fund, Claimants,

and

American Funeral and Cemetary Trust Services; Virginia K. Mudd; Virginia B. Mudd Revocable Trust, Plaintiffs— Appellants,

v.

Capital Consultants LLC; Jeffrey L Grayson; Barclay L Grayson; Capital Consultants LLC; Andrew Wiederhorn; Lawrence A. Mendelsohn; Jeffrey L. Grayson; Barclay L. Grayson;

Capital Consultants, Inc.; Wilshire Credit Corporation; Wilshire Financial Services Group, Inc.; Wilshire Servicing Corporation; Portland Servicing Corporation; Capital Wilshire Holdings, Inc.; Sterling Capital LLC; Daniel Dyer; Ted Wiederhorn; Specialty Finance Investors LLC; Tiffany Wiederhorn; Joyce Mendelsohn; Wilshire Real Estate Investment Trust, Inc.; First Bank of Beverly Hills FSB; Wilshire Acquisition Corporation; Wilshire Funding Corporation; CF Credit LLC; Bud Coleman; David Frey; Foley McIntosh Frey & Claytor PC; Oxbow Capital Partners, LLC; Oxbow Capital 1999 Fund I, LLC; Oxbow Capital 1999 Fund B, LLC; Bear Stearns & Co.; Moss Adams LLP; Consillium, Inc.; Suzanne Perkins; Larry Tapanen; Stephen Olson; Shawn Olson; O'Melveny & Myers LLP; Robert N. Eccles; Mark Peterman; Ellis & Howard PC; Weiss Jensen; McCarter & English; Brooks Financial LLC, Defendants,

Thomas F. Lennon, Receiver—Appellee.

Nos. 04–35339, 04–35967.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted March 9, 2006.

Decided July 12, 2006.

Before: BRUNETTI, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM *

In the accompanying per curiam opinion, we dismissed the appeal of one set of appellants, Benson and Brix, LLC, for lack of jurisdiction. This memorandum disposition addresses the merits of the appeal of the remaining appellants, the American Funeral and Cemetery Services, MUDD, and the Mudd Revocable Trust. These appellants challenge the district court's order that they must remit their settlement funds in order to receive their traced in-

vestments. We reverse. Since the facts are adequately discussed in the per curiam opinion we will only recite them to the extent necessary for this disposition.

We review de novo the district court's interpretation of a settlement agreement. *Botefur v. City of Eagle Point,* 7 F.3d 152, 156 (9th Cir.1993). Because the district court erred in its interpretation of the settlement agreement, the court should not have ordered the appellants to remit their share of settlement funds in order to trace their investment assets.

In interpreting the settlement agreement, we are bound by the principles of Oregon contract law. *Botefur,* 7 F.3d at 156. Under Oregon law, "[f]irst, the court examines the text of the disputed provision, in the context of the document as a whole. If the provision is clear, the analysis ends." *Yogman v. Parrott,* 325 Or. 358, 937 P.2d 1019, 1021 (1997). To determine what the contract says "the court looks at the four corners of a written contract, and considers the contract as a whole with emphasis on the provision or provisions in question." *Eagle Industries, Inc. v. Thompson,* 321 Or. 398, 900 P.2d 475, 479 (1995). If there is no ambiguity in the text of the contract, "the court construes the words of a contract as a matter of law." *Id.*

Here, the district court did not find any ambiguities in the settlement agreement, but the court erroneously concluded that the appellants were precluded from receiving both settlement funds and their share of traced investments. This interpretation is contrary to the express language of the settlement agreement.

Under the settlement agreement, the American Funeral Plaintiffs received $9.975 million plus interest in exchange for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the assignment of specific claims against the third-party defendants. The assignments from the American Funeral Plaintiffs to the remaining plaintiffs are detailed in several paragraphs, and include the American Funeral Plaintiffs' "right to the proceeds of any settlement with, or other recovery from, the [defendants] ... provided however, that the American Funeral Plaintiffs do not assign their right to the proceeds of any settlement or recovery on Reserved Claims...." Reserved Claims include claims "for any income received on an investment or any right to receive income on an investment" and "for any proceeds received upon the sale, or upon any other disposition, of an investment in which an American Funeral Plaintiff has an ownership interest."

Under the court-approved distribution plan, claimants could elect to trace their investments, as long as they met certain requirements, including that they could not also receive settlement proceeds from the global settlement. Since the American Funeral Plaintiffs had already assigned all of their rights to share in the proceeds of a global settlement, they should have been free to trace their investments, if otherwise qualified. Thus, while it is clear that the American Funeral Plaintiffs assigned to the remaining plaintiffs their rights to settlement proceeds, they did not assign their right to trace their investments, as allowed by the distribution plan. In fact, the settlement agreement specifically protects the American Funeral Plaintiffs' right to trace their investments in the Reserved Claims. The clear language of the settlement agreement indicates that the appellants received payment for assigning their claims to the remaining plain-

tiffs, and the payment was not an advance on global settlement proceeds.

By ignoring the express language of the settlement agreement, the district court erroneously ordered the appellants to remit their share of settlement funds in order to trace their investments as allowed by the distribution plan. No. 04–35967 is REVERSED and REMANDED. No. 04–35339 is DISMISSED FOR LACK OF JURISDICTION in the accompanying opinion.